UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RICARDO NORGE RAMOS DEL
VALLE,

                    Petitioner,

v.

                             No.  1:26-CV-00311-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

                    Respondent.

### ORDER

Petitioner Ricardo Norge Ramos Del Valle, a self-represented immigrant detainee,
filed a 28 U.S.C. § 2241 habeas petition challenging his detention in the Bluebonnet
Detention Center (BDC).  Dkt. No. 1.  He also filed an emergency motion for a temporary
restraining order (TRO), seeking to prevent his removal from the United States or transfer to
another detention facility outside this district while his petition remains pending.  Dkt.
No. 4.  As explained below, the motion is denied.

**1.    Legal Standards**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining
orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly
accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*,
No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention
Center is the only proper respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)
(explaining that there is generally only one proper respondent in a habeas case, and that is the person
who holds the petitioner in custody).  All other named respondents will be terminated from this civil
action.

seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2.    Analysis and Conclusion**

After reviewing Petitioner's pleadings, the supporting records, and the applicable law, the Court concludes that he has not satisfied all of the elements necessary to warrant a TRO or any type of emergency relief at this time.

First, Petitioner fails to show that there is a substantial likelihood that he will be able to demonstrate that his detention violates the Constitution or laws of the United States, that there is a substantial threat of irreparable harm, or that issuing the injunction will not disserve the public interest.  Petitioner admits that an immigration judge ordered his removal from the United States and that his appeal of the removal order remains pending before the Board of Immigration Appeals (BIA).  Dkt. Nos. 1 at 2, 4 at 1.  Under these circumstances, Petitioner fails to show that there is a substantial likelihood that he will be able demonstrate that his detention is unlawful or that his removal is imminent.

Second, the Court lacks jurisdiction to grant a stay of removal.  "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g.*, *Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The Court therefore lacks jurisdiction to stay or otherwise prevent Petitioner's removal.

Third, Petitioner's possible transfer to another district in the future will not affect the Court's jurisdiction to adjudicate his petition.  Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change.  *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).  Thus, to the extent Petitioner seeks an order preventing his transfer to another district, the request is denied as unnecessary.

Lastly, to the extent Petitioner seeks to prevent his removal or transfer to another facility based on his conclusory statement that doing so could disrupt his ongoing HIV treatment and worsen his condition, his request is denied.  First, any claim for injunctive relief that stems from or concerns the medical treatment that Petitioner is receiving at BDC is not cognizable under habeas review.[2]  Second, the potential harm that Petitioner contends he may suffer is entirely speculative.  Petitioner does not present any evidence to show that his removal or transfer to another facility is imminent, or that any particular facility to which he could be transferred is unable to provide him the medical treatment that he needs.

For these reasons, the Court denies Petitioner's motion for TRO.  Petitioner's petition remains pending, and the Court will enter a separate order requiring an answer from Respondent and setting a briefing schedule.

So ordered.

Dated July 16, 2026.

James Wesley Hendrix
United States District Judge

---

[2] Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).